UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                   CASE NO.

MARK BOODEE                                              04-00505-5-ATS

    DEBTOR

**ORDER DENYING MOTION TO SHOW CAUSE, DETERMINING DEBT IS NONDISCHARGEABLE, AND DENYING REQUEST FOR ATTORNEY'S FEES**

The matters before the court are the debtor's motion for Lori Boodee to show cause why the discharge injunction has not been violated, and Lori Boodee's request for a hearing on the debtor's motion and request for attorney's fees. A hearing took place in Raleigh, North Carolina on July 20, 2005.

Mark Boodee filed a petition for relief under chapter 7 of the Bankruptcy Code on February 10, 2004, and received a discharge on May 18, 2004. On January 25, 2005, Lori Boodee, the debtor's former spouse, filed a motion to show cause in the North Carolina District Court for Wake County to compel Mr. Boodee to pay debts that Mr. Boodee contends were discharged. Mr. Boodee filed a motion in this court on February 11, 2005, for Ms. Boodee to show cause why the discharge injunction was not violated.

On February 15, 2005, this court entered an order noting that the crucial issue was whether the debts in question were discharged under 11 U.S.C. § 523(a)(5), and providing that because Judge Anne B.

Salisbury in the state court had concurrent jurisdiction and was in the best position to determine whether the fees awarded in her prior order were in the nature of support, this court would defer any action on the debtor's motion until the state court determined whether the fees fell within § 523(a)(5).  Judge Salisbury entered an order on May 16, 2005, finding that the attorney's fees previously awarded to Ms. Boodee were in the nature of support, but leaving the question of whether the fees were nondischargeable for this court.

The question before the court remains whether the debts in question were discharged under § 523(a)(5).  Normally questions of dischargeability are determined in adversary proceedings, see Rule 7001(6), Federal Rules of Bankruptcy Procedure.  However, sometimes these questions arise in other contexts.  See, e.g., In re Collins, 173 F.3d 924 (4th Cir. 1999) (question of dischargeability determined in connection with motion to reopen case).  Here, whether Mr. Boodee's debt to Ms. Boodee was discharged must be determined to resolve the motion before the court, which seeks sanctions for Ms. Boodee's violation of the discharge injunction.

Section 523(a)(5) provides that a debt is not discharged if it is "to a spouse . . . or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record . . . ." 11 U.S.C. § 523(a)(5).  Judge Salisbury clearly held

2

that the attorney's fees she awarded in connection with the Boodees' custody dispute were in the nature of support.  Judge Salisbury understood the importance of her finding with respect to the question of dischargeability, and the court sees no reason to review that determination.  The debts are in the nature of support, and they are nondischargeable.  Because the debts were not discharged, Ms. Boodee did not violate the discharge injunction when she pursued collection of those debts, and sanctions are not appropriate.

Ms. Boodee seeks attorney's fees for defending the debtor's motion to show cause, relying on North Carolina General Statute § 50-13.6.  That section allows a court to order payment of reasonable attorney's fees when the court finds that "the supporting party has initiated a frivolous action or proceeding" in actions for custody and support of minor children.  Ms. Boodee contends that because the majority of jurisdictions have concluded that attorney's fees in custody cases are in the nature of support, Mr. Boodee should have been aware that the debts at issue were not discharged, and that his motion to show cause was frivolous.

The court disagrees.  Mr. Boodee was entitled to a determination of whether the debts were discharged, and the motion he filed to bring the issue before this court was not frivolous.  Accordingly, Ms. Boodee is not entitled to recover her attorney's fees for defending the motion.

Based on the foregoing, the debtors' motion to show cause is **DENIED** because the discharge injunction was not violated.  Ms. Boodee's request for attorney's fees is **DENIED**.  Mr. Boodee's debt to Ms. Boodee for attorney's fees awarded in their custody proceeding in state court is **NONDISCHARGEABLE** pursuant to 11 U.S.C. § 523(a)(5).

**SO ORDERED**.

**DATED:  July 20, 2005**

A. Thomas Small
United States Bankruptcy Judge